Rockingham,
No. 5536.

## M. Frank Douglas

*v.*

## Dorothy O. Douglas.

Argued February 6, 1968.
Decided May 29, 1968.

*Soule & Leslie ( Mr. Robert P. Leslie* orally ), for the plaintiff.

*Shaw & Eldredge ( Mr. Carleton Eldredge* orally ), for the defendant.

KENISON, C. J. In 1964 the wife was issued a decree of divorce which provided that the husband pay certain debts, $30 a week for the wife's support, $45 weekly for the support of the two minor children, and $8,000 payable in four installments during the year 1964. In 1966 the husband filed a motion for modification of the original decree on the grounds that the circumstances of the parties had changed. Upon the wife's motion the modification hearing was heard by the same Judge who issued the original decree. The Court found that " . . . there has been a change of circumstances which makes it equitable that the former decree be modified."

The Court made an order that vacated as to the future, weekly support payments to the wife; reduced support payments to the minor children to $30 weekly; vacated that part of the decree requiring the payment of $8,000 in installments and credited to the support arrearage $1,500 paid on account of the $8,000 award and ordered the husband to pay the wife forthwith the balance of the support arrearage of $3,875, at which time he was to be "released from jail on the civil contempt order of May 1964 . . . . " The wife's exceptions to the modification decree and the denial of her motion for rehearing were reserved and transferred by *Grimes,* J.

The wife contends that the husband has failed to prove a substantial change of circumstances of the parties to warrant a modification and reduction of the provisions of the original decree and that the husband's testimony was incomplete, inaccurate and unworthy of belief. This contention must be evaluated in the light of certain basic principles of divorce law in this state. First, any modification order is always subject to review. *Taylor* v. *Taylor,* 108 N. H. 193; *Kennard* v. *Kennard,* 81 N. H. 509, 511. Secondly, any modification order will be set aside only if it clearly appears on the evidence that there has been an abuse of judicial discretion. *Fortuna* v. *Fortuna,* 103 N. H. 547, 548; *Collette v. Collette,* 108 N. H. 469. Thirdly, the modification order is to be measured in terms of the needs of the parties and their respective abilities to meet them. *Payette*

v. *Payette,* 85 N. H. 297; *Fortuna* v. *Fortuna, supra;* Annot. 18 A.L.R. 2d 10, 13. Fourthly, the Trial Court, of necessity, is accorded a wide discretion in determining the amount of payments and the conditions thereof. *Benjamin* v. *Benjamin,* 99 N. H. 117, 119; *Guggenheimer* v. *Guggenheimer,* 99 N. H. 399, 403.

In the present case the same Judge heard the evidence in 1964 as well as the evidence at the modification hearing in 1966. While it is true that portions of the evidence were pockmarked with holes and the record presents a morass of confusing financial transactions, there was evidence from which it could be found that the husband was having considerable financial difficulties. There was also evidence that the wife acquired at a foreclosure sale for $16,000 property of the husband having a value of at least $30,000 and that the bidding at this sale may have been chilled. 1 Glenn, Mortgages, *s.* 107.1 ( 1943 ): Osborne, Mortgages 1006 ( 1951 ). The Trial Judge could properly consider the evidence introduced at the original hearing, which required four days of trial, in light of the evidence at the modification hearing. *Vezina* v. *Vezina,* 95 N. H. 297; 9 Wigmore on Evidence, *s.* 2579 ( 1940 ). We cannot say that there has been an abuse of discretion in the modification of the provisions of the support orders in the divorce decree.

It is contended that the wife acquired a vested interest in $8,000 under the 1964 decree which cannot be divested or modified by the 1966 order. This part of the decree being in the nature of a property settlement was binding and not subject to retroactive modification because of a change of circumstances. 2A Nelson, Divorce and Annulment, *s.* 17.06 ( 1961 Rev. ). Consequently the Court did not have authority to vacate that part of the former decree requiring the payment of $8,000 in installments during the year 1964, or to credit against the support orders $1,500 already paid against the $8,000 obligation. That part of the decree is vacated and it follows that the husband is obligated to pay a balance of $6,500 on account of the property settlement. By reason of the erroneous application of the $1,500 against the support arrearage, that arrearage will now be increased by $1,500.

It is urged that the Court erred in granting a modification because the husband was entitled to relief only after he had complied with the original order and after he purged himself of contempt. The power of contempt to enforce previous orders

of a court of general jurisdiction is extensive ( *State* v. *Moquin,* 105 N. H. 9 ) but the exercise of the power involves practicalities as well as principles. The Court was "convinced that [the husband] was unable to make any greater payments than he has" and was therefore justified in releasing him from jail on the conditions imposed. Inability to comply with a divorce order for support or alimony is grounds to change it. See *Bradley* v. *Bradley,* 92 N. H. 70. We are unable to conclude from the record and briefs in this case that in other respects there has been an abuse of discretion by the Trial Court.

> *Defendant's exceptions sustained in part and overruled in part; remanded.*

GRIMES, J., did not sit; the others concurred.