Hillsborough
No. 6482

WILLIAM R. LAWTON v. ANNABELLE M. LAWTON

August 27, 1973

Green, Romprey, Sullivan & Beaumont and Mr. Leonard S. Green (Mr. Green orally) for the plaintiff.

Hamblett, Kerrigan, LaTourette & Lopez and Joseph C. Krolikowski (Mr. Krolikowski orally) for the defendant.

GRIMES, J. When these parties were divorced in 1966, a stipulation approved by the court provided that William pay Annabelle $240,000 in 240 monthly installments of $1,000. The question transferred without ruling by Loughlin, J. is whether or not this provision is a property settlement which under Douglas v. Douglas, 109 N.H. 41, 242 A.2d 78 (1968), is not subject to modification. We hold the provision is a property settlement and not subject to modification.

The three children of the parties whose custody went to the mother were 14, 17, and 20 years old at the time of the divorce. There was no specific provision for support. Other provisions gave her the family home with the personal property therein, all Nashua Corporation stock, one of two automobiles, and an assignment of one-half of William's interest in any property interest he had in certain inventions.

William waived all and any claim to future modification of the agreement relating to the $240,000 based on change of circumstances of either party or otherwise.

The court found that the agreement regarding the $240,000 was somewhat ambiguous but that, while the intention of the parties may have been to give Annabelle a vested right in it, the $1,000 per month was actually used for support. It was found that there was some difficulty with the Internal Revenue Service and Annabelle unwillingly included the sum received as alimony in her tax return.

It appears to us that the $240,000 was intended as a property settlement as the court found. The fact that Annabelle used the payments for support does not alter the nature

of the settlement. She was free to use her property as she wished. The action of the Internal Revenue Service for tax purposes is in no way binding on the courts of this State with regard to the issue before us. The provision for payment over a 20-year period indicates that the agreement was unrelated to the support of the children in view of their ages at the time.

We thus conclude that the agreement with regard to the $240,000 is not subject to modification. *Douglas v. Douglas,* 109 N.H. 41, 242 A.2d 78 (1968).

*Remanded.*

Griffith, J., did not sit; the others concurred.