Hillsborough
No. 6603

VIRGINIA ANN TWARDOSKY

v.

M. EDWARD TWARDOSKY

August 27, 1973

*Sullivan, Gregg & Horton* and *J. Jefferson Davis (Mr. Davis* orally) for the plaintiff.

*McDuffee & Clough (Mr. Joseph L. Clough* orally) for the defendant.

GRIMES, J.   The question in this case is whether the rule of *Douglas v. Douglas,* 109 N.H. 41, 242 A.2d 78 (1968), which prohibits retroactive modification of a property settlement decree, applies to the decree in this case with respect to the occupancy of the family home.

These parties were divorced in June 1969. The wife was awarded custody of the seven children. The family home, which was in the name of the wife, was made the property of both parties, the wife to have the right of possession until her remarriage or until the youngest child reaches the age of 18, whichever event occurred first. On the happening of either event, the real estate was to be sold and the proceeds divided 60 percent to the wife and 40 percent to the husband.

The husband now has legal custody of six of the seven children. He moved for a modification of the divorce decree seeking the right to possession of the real estate and to purchase his former wife's share therein. This motion was denied, but the Court (*Loughlin,* J.) transferred the issue whether *Douglas v. Douglas,* 109 N.H. 41, 242 A.2d 78 (1968), "is apposite to the facts of this case".

That part of the decree which in effect grants a 60 percent interest in the property to the wife is a property settlement and under the *Douglas v. Douglas* rule is not subject to modification. That part of the decree which related to the possession of the property and postponing its sale is of a different nature. Its purpose was to preserve the home for the children in the mother's custody while she remained unmarried. As such, its modification is not prohibited by *Douglas v. Douglas supra.*

*Remanded.*

All concurred.