JOAN L. ERDMAN v. HOWARD L. ERDMAN

June 30, 1975

*Ingram & Meyers ( Mr. Donald A. Ingram* orally) for the plaintiff.

*Gardner, Clauson & Boswell ( Mr. K. William Clauson* orally) for the defendant.

GRIFFITH, J. Plaintiff was granted a decree of divorce on September 19, 1973, and in the decree the personal property of the parties was decreed to the party in possession. Defendant filed a motion to set aside the personal property section of the decree alleging that the decree failed to take into account a prior agreement of the parties and that the court was not aware of what properties each party possessed at the time the order was made. The trial court first modified the original decree by ordering certain items returned to the defendant but on rehearing held that, based on the rule in *Douglas v. Douglas,* 109 N.H. 41, 242 A.2d 78 (1968), the court was without jurisdiction to modify its original decree. Defendant's exception to this ruling was reserved and transferred by the Trial Court, *Batchelder,* J.

*Douglas v. Douglas* held that a decree dividing property or decreeing property to a party in a divorce case was "binding and not subject to retroactive modification because of a change of circumstances." 109 N.H. at 43, 242 A.2d at 80. The decree of divorce and the decree of property division "stand upon the same footing as other judgments". *Adams v. Adams,* 51 N.H. 388, 396 (1872). They are to be distinguished from what may be called "continuing" orders of the court relating to support, custody and occupation of premises.

*Twardosky v. Twardosky,* 113 N.H. 438, 309 A.2d 217 (1973). The court has been granted by statute continuing jurisdiction to modify orders of the latter type when subsequent changes in circumstances require such modification. RSA 458:14.

The distinction pointed out between the continuing order and a decree of property settlement in *Douglas v. Douglas* did not indicate a decree of property settlement took from the court any of its common law power to correct under the proper circumstances. *Adams v. Adams,* 51 N.H. 388, 396 (1872); *Smith v. Consul General of Spain,* 110 N.H. 62, 260 A.2d 95 (1969); *Lester v. Lester,* 109 N.H. 359, 252 A.2d 429 (1969). The trial court was in error when it ruled it had no jurisdiction to correct this decree of property settlement in the event it was based upon a misunderstanding of the facts.

*Defendant's exception sustained; remanded.*

All concurred.