Rockingham
No. 78-223

SHIRLEY DURKIN

v.

PAUL DURKIN

January 31, 1979

*Shute, Engel & Frasier*, of Exeter (*David C. Engel* orally), for the plaintiff.

*Fisher, Parsons, Moran & Temple*, of Dover (*Edward T. Clancy* orally), for the defendant.

MEMORANDUM OPINION

The parties were divorced in November 1973. Plaintiff was awarded land and buildings in Greenland subject to a mortgage and also subject to defendant's obtaining subdivision approval so that a lot could be conveyed to him. Thereafter, in January 1975, the parties agreed on a stipulation under which the property in question became the property of the defendant, subject to the right of plaintiff to live in the property upon paying rent, the defendant having the obligation to keep the property in repair.

In May 1978, plaintiff filed a motion to modify the decree relating to the ownership of the property, alleging that she was induced and coerced into signing the stipulation by fraud, duress, undue influence, deceit, and misrepresentation.

A Marital Master, *Nicholas G. Copadis*, Esq., recommended that the prayer that the court vacate the stipulation regarding the real estate be denied, "since it is a property settlement." A decree in accordance with this recommendation was entered by *Bean*, J., who transferred plaintiff's exceptions.

■■ It appears that the master and the trial court ruled that under *Douglas v. Douglas*, 109 N.H. 41, 242 A.2d 78 (1968), no modification of a property settlement could be made. However, the rule of *Douglas* does not apply when it is shown that a stipulation was signed due to fraud, undue influence, deceit, or misrepresentation. The matter must therefore be remanded for a hearing and a determination of the issues as matters of fact. *See Erdman v. Erdman*, 115 N.H. 380, 341 A.2d 271 (1975).

*Exception sustained; remanded.*