Cheshire
No. 80-054

BARBARA T. JONES

v.

FRANGCON L. JONES

September 3, 1980

*R. J. Shortlidge, Jr.*, of Keene, by brief for the plaintiff.

*Faulkner, Plaut, Hanna, Zimmerman & Freund*, of Keene, by for the defendant.

PER CURIAM. The main issue we decide in this case is whether the defendant may attack in 1978 a divorce decree entered in February 1972 from which no appeal was taken. We hold that he cannot.

The parties were divorced in 1972 by decree of the Superior Court (*Grant*, J.). In its decree, the trial court disposed of five parcels of real estate held by the parties. Title to one parcel was vested in the plaintiff solely while another parcel was vested in the defendant. A third parcel was awarded to the plaintiff jointly with the parties' son Geoffrey, while a fourth parcel was awarded to the plaintiff jointly with their other son Kevin. The fifth parcel was awarded to the defendant in joint tenancy with their daughter Genevieve.

The defendant was also ordered to pay to the plaintiff $100 per month until $1,000 had been paid, and to pay all the debts of the parties, including the mortgage on the home awarded to the plaintiff.

The defendant defaulted in the original action and made no effort to appeal, request a new trial or in any other way contest the order. In December 1977, the plaintiff filed a petition seeking enforcement of that portion of the 1972 decree relating to the $1,000 and the balance due on the mortgage.

The defendant answered, claiming that the 1972 decree, insofar as it involved no minor children, was not effective after three years and that he had no obligation to make mortgage payments after that. He further sought reimbursement for taxes and insurance on the property that he had paid, though not obligated to do so by the decree. He also moved to amend the 1972 decree, claiming that the court was not authorized to create the joint tenancies between the parties and their children.

After a hearing, the Master (*Charles T. Gallagher*, Esq.) found

that the defendant had paid $3,783 for taxes and insurance on the plaintiff's property although not required to do so by the decree. The master allowed $1,000 of this to offset the plaintiff's $1,000 claim under the decree, but treated the balance as voluntary contributions and denied reimbursement. The master also recommended denial of the motion to amend the 1972 decree and proposed that the decree be expressly confirmed as to the disposition of the real estate. He further found the defendant liable for the balance due on the mortgage because the order to pay was not alimony but part of the property settlement and therefore did not terminate at the expiration of three years under RSA 458:19. A decree in accordance with the master's report was entered by *King*, J., who transferred defendant's exceptions.

We agree with the trial court that the defendant may not now attack the validity of the assignments of property in joint tenancy with his children. The issue is res judicata, long since barred by his failure in any way to attack the decree until the plaintiff sought to enforce it several years later. *See Ainsworth v. Claremont*, 108 N.H. 55, 226 A.2d 867 (1967).

We agree with the trial court that the order to assume and pay the mortgage was a part of the property settlement and did not expire at the end of three years under RSA 458:19. The defendant is therefore liable for the balance of the mortgage.

The master found that the defendant paid $3,783 for taxes and insurance which he was not obligated to pay under the 1972 decree. He found that this was done because the bank included them in the payments on the mortgage. We agree with the trial court that $1,000 of this should be credited against the $1,000 owed to the plaintiff. We find no evidentiary basis, however, for the master's finding that the insurance and tax payments were intended as gifts to the plaintiff. We therefore reverse the trial court on this issue and hold that the defendant is entitled either to be reimbursed in the amount of $2,783 or to have that amount deducted from the amount of the mortgage arrearage that he is obligated to pay on behalf of the plaintiff.

Under the circumstances of this case, we see no basis for the plaintiff's request, upon remand, for consideration of an award of counsel fees.

*Exceptions overruled in part and sustained in part; remanded.*

KING, J., took no part in the decision of this case.