Hillsborough
No. 80-366

DIANE DUBOIS

v.

NORMAND DUBOIS

August 5, 1981

*Wiggin & Nourie*, of Manchester (*Gregory A. Holmes* on the brief), by brief for the plaintiff.

*Craig, Wenners, Craig & McDowell*, of Manchester (*Robert L. Lapointe, Jr.*, on the brief), by brief for the defendant.

KING, C.J. In this case we must decide whether RSA 458:20 and RSA 458:21 authorize the superior court to modify an existing child support order and compel a person obligated to make pay-

ments for the support of his or her children to convey certain property to a trustee or otherwise to provide security for the future performance of his or her support obligation. We must also decide whether the rule of *Douglas v. Douglas*, 109 N.H. 41, 242 A.2d 78 (1968), precludes the court from exercising this power with respect to any property that the person received pursuant to a property settlement. We conclude that the superior court has authority to modify child support orders to provide security and that the rule prohibiting the modification of property settlements does not shield property acquired under a property settlement from that power.

Diane Dubois and Normand Dubois were divorced in June 1979. The parties executed permanent stipulations which the court approved and incorporated in its decree. The stipulations provided that the plaintiff, Diane Dubois, would have custody of the parties' two minor children and that the defendant, Normand Dubois, would pay $90 per week for the support of the children. The stipulations further provided that the plaintiff and the children would continue to reside in the marital home until both parties agreed to sell, the youngest child reached the age of eighteen, the plaintiff remarried, or an "unrelated adult" made the residence his home. Upon the occurrence of any of these contingencies, the parties would sell the residence and divide the net proceeds equally between them. The stipulation also provided that the plaintiff had the option of buying out the defendant's interest upon the occurrence of any of the stated conditions.

In June 1980, the defendant filed a petition to modify the 1979 decree on the basis of changed circumstances and sought to have his obligation of support reduced and any arrearages held in abeyance until such time as he could pay them. The defendant alleged that he was earning substantially less than he had been at the time of the original decree and that he was substantially in debt. The defendant also sought to hold the plaintiff in contempt for interfering with the exercise of his visitation rights.

The plaintiff also filed a petition in June 1980, in which she sought to hold the defendant in contempt for failure to make his support payments and to fulfill other obligations under the permanent stipulations. The plaintiff sought an order of the court compelling the defendant to pay all arrearages, fulfill his other obligations, and make all future support payments through the New Hampshire Probation Department. As alternative relief, the plaintiff requested that the court divest the defendant of all of his right, title and interest in the residence and vest title in the plaintiff and that the court value his interest at $7,500. She further

requested that the defendant's interest be reduced by the arrearages arising from his failure to make child support payments and meet other obligations and be further reduced by $40 per week as a credit against future support payments.

The defendant objected to this request for relief on the ground that to grant the plaintiff's alternative request would require the modification of a property settlement in violation of the rule set forth in *Douglas v. Douglas*, 109 N.H. 41, 242 A.2d 78 (1968), and its progeny. In chambers, the plaintiff requested the court to compel the defendant to provide security for the future payment of his child support obligations and relied on RSA 458:20 and RSA 458:21 as authority.

The Master (*Peter Bourque*, Esq.) found that the defendant was $1,210 in arrears and recommended that he be ordered to pay it by a certain date. He also recommended a reduction of the defendant's support obligation to $50 per week on the ground that the defendant could not afford to pay more than that amount. The master, however, refused to recommend the transfer of the defendant's interest in the residence to the plaintiff or to a trustee in order to satisfy the defendant's support obligations because the master concluded that to do so would constitute a modification of a property settlement and contravene the holding in *Douglas v. Douglas supra*. The master also determined that RSA 458:20 operates only at the time of the divorce and has no applicability to "post divorce hearings." The Superior Court (*Contas*, J.) approved the master's report, and the plaintiff appealed. We reverse.

RSA 458:20 and RSA 458:21 both allow the superior court to order some method for securing the payment of support obligations even though the request for security is made subsequent to the initial decree. RSA 458:20 empowers the court to order the defendant's property conveyed to a trustee for the support of minor children in cases arising out of RSA 458:17. The general security provision, RSA 458:21, provides that the court can require security "[i]n *all cases* where alimony or an allowance shall be decreed for the wife or children. . . . " (Emphasis added.) *See Buckner v. Buckner*, 120 N.H. 402, 415 A.2d 871 (1980).

RSA 458:17 (Supp. 1979) is the authority for awarding child support. RSA 458:14 grants the superior court the authority to revise or modify any support order made by it and to issue new orders as justice may require. A hearing to modify a child support order, therefore, arises under both RSA 458:17 (Supp. 1979) and RSA 458:14. Because such a case arises under RSA 458:17 (Supp. 1979), it is within the scope of RSA 458:20. Accordingly, it was

error for the trial court to refuse to consider the merits of the plaintiff's request under RSA 458:20.

■ The general security provision, RSA 458:21, applies to "all" cases in which child support or alimony shall be decreed. A modification hearing under RSA 458:14 and RSA 458:17 (Supp. 1979) is such a case. Therefore, it also was error for the trial court to refuse to consider the plaintiff's request for security under RSA 458:21.

■ One reason for requiring a person to provide security is to force a recalcitrant person to honor his or her legal obligation to support his or her children. The need to induce parents to honor their obligations may exist at the time of the divorce. Perhaps more frequently, it arises after the divorce decree. No impressive reason exists to distinguish the need for security at the time of the divorce from the need for security at a later date. This is especially true insofar as a modification hearing is not an entirely new proceeding but is essentially a continuation of the original proceeding. *Cowles v. Cowles*, 80 N.H. 530, 532, 120 A.2d 76, 77–78 (1923).

■ It is undisputed that the superior court has the authority under RSA 458:20 and RSA 458:21 to compel security arrangements pursuant to child support orders in the first instance. It is also undisputed that the court has the authority to modify child support orders. RSA 458:14; *see Damon v. Damon*, 111 N.H. 162, 163, 276 A.2d 920, 921 (1971). We see no reason why the court is precluded from ordering security arrangements after a modification hearing simply because the circumstances existing at the time of the original decree did not require such security. *Cf. Stern v. Stern*, 75 So. 2d 810, 812 (Fla. 1954); *Wallace v. Wallace*, 92 Mont. 489, 501, 15 P.2d 915, 918 (1932); 24 Am. Jur. 2d *Divorce & Separation* § 729 (1966).

■ The defendant argues that the requested relief would constitute a modification of a property settlement in contravention of the rule in *Douglas v. Douglas*, 109 N.H. 41, 242 A.2d 78 (1968). The rule set forth in *Douglas* is simply that the rights that the parties acquired under a property settlement are not subject to modification for changed circumstances. *Id.* at 43, 242 A.2d at 80. The court has the authority, however, to modify a decree incorporating a property settlement where it appears that the "stipulation was signed due to fraud, undue influence, deceit, or misrepresentation," *Durkin v. Durkin*, 119 N.H. 41, 42, 397 A.2d 304, 304 (1979), or where the stipulation does not reflect the true intent of the par-

ties, *Grabowski v. Grabowski*, 120 N.H. 745, 747, 422 A.2d 1040, 1042 (1980). The reason that property settlements are not subject to modification for changed circumstances is that decrees of property division, unlike orders for support or custody, are not "continuing" orders. *Erdman v. Erdman*, 115 N.H. 380, 380–81, 341 A.2d 271, 271–72 (1975).

■ It is true, as the defendant contends, that none of the exceptions to the rule enunciated in *Douglas v. Douglas* apply. This fact is of no consequence, however, because the *Douglas* rule also does not apply to this case. The plaintiff's request for security would not diminish or reduce the defendant's fifty percent interest in the real estate; it would merely make that interest available to satisfy the defendant's obligation to support his children. Although property settlements are not subject to modification for changed circumstances, property acquired under such settlements is no different from other property and is not exempt from legal process designed to insure that a person satisfies his support obligations.

Because the master mistakenly concluded that the *Douglas* rule precluded him from granting the plaintiff the relief she requested, he never considered the merits of her request. Accordingly, we remand this case for a determination of whether the defendant's conduct and the circumstances of this case indicate the need for security arrangements pursuant to RSA 458:20 and RSA 458:21 to insure that the defendant satisfies his duty of support of the minor children.

In the event the court determines that security is necessary, it may determine in its discretion the appropriate procedures for securing the plaintiff's right to child support from the defendant. It may leave the ownership of the house in its present form, but impose a lien on the defendant's interest pursuant to RSA 458:21, or it may order the sale of the property with the defendant's share of the proceeds to be paid to a trustee to invest and make the defendant's support payments as authorized by RSA 458:20. Of course, these solutions are just two of many possible security arrangements, and the court is free to consider others available under RSA 458:20 and RSA 458:21.

*Reversed and remanded.*

BATCHELDER, J., did not participate; the others concurred.