Strafford
No. 80-495

HARRY SHELDON

v.

JOYCE SANDERSON

October 1, 1981

*Fisher, Parsons & Moran*, of Dover (*Edward T. Clancy* on the brief), by brief for the plaintiff.

*Taylor, Gray & Keane*, of Portsmouth (*Thomas M. Keane* on the brief), by brief for the defendant.

PER CURIAM. The parties were divorced in February, 1979. A decree in accordance with the stipulation of the parties awarded certain jointly-owned real property in Dover to the plaintiff in that action (defendant here), Joyce Sanderson, but the decree contained a provision that "[i]n lieu of a weekly payment for both the Plaintiff and the children, the equity of Harry P. Sheldon in said real estate, approximately ten thousand ($10,000.00) dollars will be used for the education of the children and for the support of the Plaintiff and the children."

In March, 1980, the plaintiff here, Harry Sheldon, filed a petition alleging that in December, 1979, the defendant had left the State, abandoned the children, refused to provide for the education and support of the children, which the plaintiff was providing, and that the property had been abandoned since December 15, 1979. He prayed that he be allowed to take over the property, sell it and disburse the funds, one-half to the defendant and the other half to him in trust for the benefit of the children until July 25, 1981, when it would be paid to the children in equal shares.

The defendant filed a motion to dismiss on the basis that the stipulation and decree was a property settlement not subject to modification. A Master (*Henry P. Sullivan*, Esq.) recommended that the motion be granted, and a decree was entered in accordance with his recommendation. The plaintiff appealed.

■ This court has held that a property settlement is not subject to modification because of changed circumstances. *Douglas v. Douglas*, 109 N.H. 41, 43, 242 A.2d 78, 80 (1968), although reformation may be had for mutual mistake. *See Grabowski v. Grabowski*, 120 N.H. 745, 747, 422 A.2d 1040, 1042 (1980). The plaintiff does not allege mistake, but in effect seeks to impose a constructive trust on his equity in the property in order that it be used for the purpose set forth in the divorce decree; *i.e.*, the education and support of the children.

■ The plaintiff's petition does not seek to modify a property settlement, but rather seeks to enforce the proper use of a lump sum payment for support of the children in lieu of weekly payments. *See Dubois v. Dubois*, 121 N.H. 664, 433 A.2d 1277 (1981). Although the stipulation apparently awarded the entire property

to the defendant, the plaintiff's equity was awarded to her not as a property settlement but rather in lieu of weekly payments for education and support of the children. Because the property was awarded to the defendant in lieu of support payments, the decree is subject to modification. RSA 458:17, :32; *McRae v. McRae*, 115 N.H. 353, 354, 341 A.2d 762, 763 (1975). The plaintiff, therefore, was entitled to be heard on the merits of his claim.

*Reversed and remanded.*