Carroll
No. 91-105

### SANDRA X. MCSHERRY

v.

### JOHN A. MCSHERRY

April 16, 1992

*Cooper, Fauver & Deans P.A.*, of North Conway (*Peter H. Fauver* on the brief and orally), for the plaintiff.

*Schroeder, McLetchie & Clough,* of Ossipee (*Erland C. L. McLetchie* on the brief and orally), for the defendant.

BATCHELDER, J.  In this appeal, the plaintiff, Sandra X. McSherry, challenges an order of the Superior Court (*Mohl,* J.) approving a Master's (*Stephanie T. Nute,* Esq.) report that relieved the defendant, John A. McSherry, of his obligation to pay the mortgage on the plaintiff's home pursuant to a decree of divorce. Arguing that the mortgage payments were part of a binding property settlement and therefore not modifiable, the plaintiff claims that the trial court, on the facts of this case, lacked the authority to relieve the defendant of his mortgage obligation. We agree. For the reasons that follow, we vacate and remand.

The parties were divorced in May 1987. The divorce decree contained provisions relating to the custody of the children, division of personal property, and maintenance of health insurance coverage for the children. In addition, the defendant was to pay the plaintiff $850.00 per month for her support and that of the children, and the plaintiff was awarded the parties' residence in Conway and rental property in Fryeburg, Maine. Under the decree, the defendant was to pay the mortgages on both properties "until the same are discharged." "All other real estate" owned by either or both of the parties was awarded to the defendant.

In August 1987, on the defendant's motion to reconsider the property settlement and order of support, the Master (*Charles T. Gallagher,* Esq.) recommended, and the Superior Court (*Morrill,* J.) ordered, a modification of the divorce decree. Noting that, with respect to the property settlement, the master had "endeavored to divide the assets evenly between the parties," the master recommended that the defendant be relieved of the obligation to pay the mortgage on the Fryeburg rental property. No mention was made of the obligation to pay the mortgage on the plaintiff's home.

In September 1990 the defendant moved for reduction of support and retroactive reduction and termination of alimony. A hearing was held before the Master (*Stephanie T. Nute,* Esq.) without a record, after which the master recommended, in part, the following:

> "1. Defendant's Motion for Reduction of Support, etc. granted in part. Defendant is relieved of the obligation to pay the mortgage on Plaintiff's home, effective Feb. 1, 1991.
>
> Otherwise, no substantial change of circumstance is shown as to alimony or child support. The findings set forth in the order of 7/27/89 stand."

The recommendation was approved by the Superior Court (*Mohl,* J.), and a subsequent motion by the plaintiff for reconsideration was denied by the master and the court.

■ We have long held that a property settlement in a divorce decree is "a final distribution of a sum of money or a specific portion of the spouses' property . . . [and] is not subject to judicial modification on account of changed circumstances." *Stebbins v. Stebbins,* 121 N.H. 1060, 1063, 438 A.2d 295, 297 (1981) (citations omitted); *see Douglas v. Douglas,* 109 N.H. 41, 43, 242 A.2d 78, 80 (1968) (court lacks authority to modify property settlement portion of divorce decree). Support and custody orders, on the other hand, may be modified in light of changed circumstances because the superior court, pursuant to statutory authority, retains continuing jurisdiction over such matters. *Erdman v. Erdman,* 115 N.H. 380, 381, 341 A.2d 271, 271–72 (1975); RSA 458:14. "The reason that property settlements are not subject to modification for changed circumstances is that decrees of property division, unlike orders for support or custody, are not 'continuing' orders." *Dubois v. Dubois,* 121 N.H. 664, 669, 433 A.2d 1277, 1280 (1981). In a case such as *Jones v. Jones,* 120 N.H. 559, 561, 419 A.2d 403, 404 (1980), where the trial court found, and we held, that the obligation to pay a mortgage was a property settlement, the payments may not be modified for changed circumstances.

■ Conceding that this is the law, the defendant asks us to change it, essentially arguing that the master should be allowed the flexibility, in hard economic times, to fashion a modification order equitable to both parties, even if to do so entails reconsideration of a property settlement. A property distribution in cases of divorce and separation creates vested rights upon which the parties are entitled to rely in starting and planning a new and different life. It is, in effect, an assignment of assets, however modest or extensive, reflective of the efforts of the parties and the considered judgment of the equity court in arriving at a degree of parity called fairness. Such judgments are made, as are judgments in the business world generally, upon reflection of the prevailing economic climate as well as the vicissitudes of economic times. Although, in appropriate cases, non-economic considerations may come into play, as, for instance, with the origin and distribution of family heirlooms, the great weight of considerations in most cases is economic. For this reason, in marital cases, as in the business world, modification of interests thought to be vested is not permitted in the absence of fraud, undue influence, deceit or misrepresentation, *Durkin v. Durkin,* 119 N.H. 41, 397

A.2d 304 (1979), or mutual mistake, *Grabowski v. Grabowski*, 120 N.H. 745, 422 A.2d 1040 (1980). We are not inclined to revisit the fundamental premises of this area of our law.

■■ In addition the defendant argues that, in the absence of a record, we cannot find that the master abused her discretion in modifying the order by eliminating his mortgage obligation. Although the defendant correctly states that without a record of the proceedings below we must assume that the evidence supported the master's findings, *Gnirk v. Gnirk*, 134 N.H. 199, 202, 589 A.2d 1008, 1010 (1991), we also review for errors of law apparent on the face of what record we have, *id*. Here the master plainly erred in modifying what the law states, and the parties agree, was a property settlement. That portion of the order below relieving the defendant of his mortgage obligation is therefore set aside.

■ Other language in the master's recommendation is sufficiently ambiguous, however, to cause us to remand for reconsideration of the order with respect to the defendant's support obligations. After ruling to lift the mortgage obligation, the master recommended, "Otherwise, no substantial change of circumstance is shown as to alimony or child support," and refused to reduce those amounts. Whether the master meant to convey that no further change in circumstances, beyond that which justified mortgage relief, had been shown or that no change had been shown at all is unclear. Seeking relief in his motion for reduction of support, the defendant, claiming financial hardship, had not requested that his mortgage obligation be extinguished. That the master granted such relief suggests that the defendant had satisfied his burden to show a change in circumstances. Thus, the master may have refrained from modifying the alimony and child support orders on account of changed circumstances not because she found none but because she chose instead to modify the legally unmodifiable property settlement. To the extent that the master's decision relative to support may have been influenced by her erroneous ruling, we remand for reconsideration of the defendant's request for relief.

*Vacated and remanded.*

All concurred.