# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2024-0269, <u>In the Matter of Lori Barron and Steven Barron</u>, the court on March 19, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(3). The petitioner, Lori Barron, appeals an order of the Circuit Court (<u>Zaino</u>, J.) denying her request to reinstate a suspended alimony obligation of the respondent, Steven Barron, because it was beyond the statute of limitations. We reverse and remand.

The record supports the following facts. The petitioner and the respondent were in a long-term marriage. They were divorced by final decree in March 2017. In the divorce decree, the court found that the petitioner "demonstrated need for alimony," and ordered the respondent to pay her $3,000 per month. The divorce decree recognized, however, that the petitioner had a criminal matter pending against her, and found that if the petitioner were to become incarcerated, the respondent's alimony obligation would be "suspended during the period of incarceration." The divorce decree then inconsistently provided that the alimony obligation would be "terminate[d]" if "the Petitioner [became] incarcerated as a result of the criminal action currently pending against her." Upon the petitioner's motion, the court reconsidered this provision and granted the petitioner's request that the court "[v]acate any order for termination and, rather, to the extent appropriate, order the potential 'abeyance' of such amount of alimony as may be appropriate during the pendency of incarceration."

In September 2017, the respondent requested termination of alimony, noting that the petitioner was sentenced to a term of incarceration for a period of seven to nine years. The court held a hearing and issued an order in October 2017, stating:

> [T]he Court respectfully denies the Respondent's request to terminate alimony at this time. Provided, however, that the Respondent's obligation to pay alimony will be held in abeyance effective September 1, 2017. . . . [T]he Court declines to adopt the Petitioner's request that the current alimony order resume when she is released from incarceration. Rather, the Court finds that either party may file a motion regarding the issue of alimony upon her release. Unless the

parties reach an agreement a hearing will be scheduled and the Court will enter orders based on the financial circumstances of the parties at that time.

Following the petitioner's release from prison in April 2023, she filed a motion requesting alimony be reestablished as awarded in the original final decree. After holding a final hearing, the trial court found that based on the language of the October 2017 order, "alimony was in a condition of being undetermined." It found that the order "vacated the alimony award," and "did not expressly stay the obligation to pay alimony, it ended it."  The trial court then applied the statute of limitations, and found that the parties were required to file a request for a recalculation or modification of alimony within five years of the October 2017 order.  As the petitioner's request was filed beyond the five-year limit, the trial court concluded it "no longer has jurisdiction to enter and/or modify alimony in this matter."  The trial court denied the petitioner's motion to reconsider, and this appeal followed.

The petitioner argues that the trial court erred as a matter of law when it concluded that the 2017 order terminated or vacated the alimony award. Resolving this issue requires an interpretation of the divorce decree as modified by its subsequent orders, which we interpret de novo.  Bonneville v. Bonneville, 142 N.H. 435, 438 (1997).  In ascertaining the meaning of the modified divorce decree, we look to the plain meaning of the language in the context of the entire decree.  Id.

Based on the plain meaning of the language in the 2017 orders, we determine that the trial court did not terminate or vacate the alimony award. First, in its order on the petitioner's motion to reconsider, the court vacated any prior order for termination.  Then, in October 2017, after the petitioner was sentenced, the court denied the respondent's request to terminate alimony.

The language in the 2017 orders instead shows that the court held alimony in abeyance, thereby temporarily suspending the alimony obligation. See Oxford English Dictionary, https://www.oed.com/dictionary/abeyance_n?tab=meaning_and_use#102612 95 (last visited Mar. 13, 2025) (defining "abeyance" as "[t]emporary inactivity or disuse; suspension; latent condition").  In its initial divorce decree as modified on reconsideration, the court found that if the petitioner became incarcerated, "the Respondent's alimony obligation will be suspended during the period of incarceration."  After the petitioner was sentenced, the court determined that "the Respondent's obligation to pay alimony will be held in abeyance."  The October 2017 order denied the petitioner's request to resume payment of alimony upon her release, and instead directed that either party may file a motion upon her release.  The court did not vacate the alimony order.  Rather, by stating that the court would then "enter orders based on the financial circumstances of the parties at that time," the order provided that alimony may

2

be modified based on the parties' then-existing circumstances.  See In the Matter of Doherty & Doherty, 168 N.H. 694, 701 (2016) (discussing standards for modification of alimony).

To the extent that the respondent argues that the court in 2017 did not have the authority to hold the alimony order in abeyance, we disagree.  "The enforcement of a judgment, generally, may be suspended or stayed by an order of the court in accordance with the rule that a court of general jurisdiction has the inherent power to control its own orders and judgments during the term at which they are rendered. . . ." 30 Am. Jur. 2d Executions and Enforcement of Judgments § 16 (2005).  "The fact that a proceeding is governed by statute, or that a court's jurisdiction is limited by statute, does not necessarily negate a court's inherent authority."  In the Matter of Stapleton & Stapleton, 159 N.H. 694, 697 (2010) (recognizing trial court in divorce action has inherent authority to revise its own orders).  Thus, the trial court had the authority, under its inherent powers, to suspend the alimony order.

The respondent argues that "[w]ithout a particular date for renewing the order," and without knowing how long the petitioner could have been incarcerated, the restoration of alimony payments "could have been indefinitely available to [the petitioner]," and such "[a]n amorphous, everlasting order is directly contrary to the legislative intent" of the alimony statute.  We disagree.  The court was informed in 2017 by the respondent that the petitioner was sentenced to a term of incarceration for a period of seven to nine years.  The court, when ordering that alimony be held in abeyance, thus knew that the petitioner's incarceration was not "everlasting."

In conclusion, we determine that the court did not terminate or vacate the respondent's alimony obligation in 2017.  Accordingly, the statute of limitations does not prohibit the petitioner from seeking alimony.  We reverse the trial court's orders and remand for further proceedings consistent with this order.

Reversed and remanded.

MACDONALD, C.J., and BASSETT and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3