In re David Collier DUNCAN, Debtor.

Cheryl Heath DUNCAN, Plaintiff,

v.

David Collier DUNCAN, Defendant.

Bankruptcy No. 90–00511–W.
Adv. No. 90–0176–W.

United States Bankruptcy Court,
N.D. Oklahoma.

Jan. 2, 1991.

Julie Hird Thomas, Huffman, Arrington, Kihle, Gaberino & Dunn, Tulsa, Okl., for plaintiff.

Grant E. Cheadle, Tulsa, Okl., for defendant.

MEMORANDUM OPINION
AND ORDER

MICKEY DAN WILSON, Chief Judge.

Plaintiff brings this action against the Debtor Defendant for determination as to the dischargeability of particular debts pursuant to 11 U.S.C. § 523(a)(5). The parties stipulate that this Court has jurisdiction of the subject matter and of the parties, pursuant to 28 U.S.C. § 1354 and § 157 and that this is a core proceeding.

The sole issue remaining to be decided by the Court is whether or not the attorneys fees and costs of the Plaintiff are in the nature of alimony, maintenance or support and are accordingly, nondischargeable. The Defendant confesses that the award of $30,000.00 for support-alimony is nondischargeable, as well as the support for the children of the parties, as required by the decree of divorce.

Facts presented at time of trial reveal that the Plaintiff and Defendant were married on August 21, 1965 and of said marriage two children were born, each of

which have now reached majority. In addition, one child was adopted by the parties and is presently a minor. That on December 14, 1989, the parties were divorced. Said Decree of Divorce required the Defendant to pay child support of $810.00 a month and to keep current a medical insurance policy and in addition, the Defendant was responsible for 82% of the medical expenses not covered by said insurance policy. In addition, the Defendant was required to support the Plaintiff in the total sum of $30,000.00 payable at $500.00 a month. Each party was awarded property as their separate property, which took into consideration the property acquired during marriage and the indebtedness outstanding, if any, as well as the property which the Plaintiff had acquired in the future earnings of the Defendant, as alimony in lieu of property settlement (see *Hubbard v. Hubbard*, 603 P.2d 747 (Okl.1979)).

In addition, Plaintiff sought her attorneys fees in the sum of $17,964.05 and her expert witness fees in the sum of $10,626.70. The Decree of Divorce and Order of the Court of December 14, 1989 was reduced to writing and submitted to the Court and filed of record on March 9, 1990. The application of Plaintiff for its attorneys fees was filed on January 5, 1990 and heard on January 22, 1990 and a journal entry of judgment was reduced to writing and filed March 9th, 1990. The journal entry recited that Plaintiff's application for attorneys fees was granted and Plaintiff was awarded a judgment against the Defendant in the amount of $13,000.00 as and for her attorney fees, plus interest and further judgment for the Plaintiff in the amount of $2,000.00 as and for expert witness fees, plus interest. The journal entry also recites "the Court finds that Plaintiff's application for attorneys fees, costs and expert witness fees should be sustained and the Court further finds that such attorneys fee, costs and expert witness fee awarded is intended to be in the nature of additional support for Plaintiff from Defendant."

## CONCLUSIONS OF LAW

"What constitutes alimony, maintenance or support will be determined under the bankruptcy law, not state law." Senate Report No. 95–989, 95th Cong.2d Sess. 79, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5865 (see *In re Goin*, 808 F.2d 1391 (10th Circ.1987); and *Sylvester v. Sylvester*, 865 F.2d 1164 (10th Circ.1989)).

In the 1980 case of *In re Bell*, 5 B.R. 653 (Bankr.W.D.Okl.1980) the Court stated "the new Code leaves undisturbed the principle that attorneys fee dischargeability or nondischargeability must rise or fall with the primary debt. Since the attorney fee herein was directly related to the awards of alimony, maintenance and support, specifically including $300.00 monthly support payments for four minor children, alimony of $12,000.00 payable $200.00 monthly, and the $550.00 arrearage in temporary support, such fee is nondischargeable." The acquisition of child support and spousal support necessarily requires the incurring of attorneys fees to determine the same and the cost of acquiring the same must necessarily take on the nondischargeable attributes of what was acquired. Thus, the often used quote "dischargeability or nondischargeability of attorney fee assessed against debtor in divorce action must rise or fall with nature of primary debt owed by debtor to former spouse." This language comes from the syllabus of the Court prepared by West Publishing Company in the *In re Bell*, supra, case. This is an incomplete statement of applicable law for Judge Kline, in his *In re Bell* decision, went on to say that "since the attorney's fees herein was *directly related to awards of alimony, maintenance and support* ... such fee is nondischargeable."

■ A more thorough reasoned application of this principle requires the Court, if possible, to determine for what reason the attorney's fees were incurred. In the event said attorney's fees were incurred for the acquisition of alimony, maintenance or support, either for the spouse or children, then said attorney's fees so incurred should take on the character of said obligation and be nondischargeable. In the event said attorney's fees were incurred

for the purposes of determining property division or determining the settlement awards then said attorney's fees should take on the character of the type of award for which the attorney's fees were incurred, and be dischargeable.

 The problem comes about in the allocation of attorney's fees, some for child support and related matters and some for spousal support and related matters; and some for property division and related matters (dischargeable obligations). In the event the attorney's fees were incurred concerning property division, settlement or matters related thereto, then said attorney's fees should be dischargeable. In the event the Court is unable to decipher for what purpose the attorney's fees were incurred, then the same must take on the character of a nondischargeable debt.

In the case at bar, the Plaintiff sought substantial attorney's fees in excess of what was awarded by the State Court. The Plaintiff had sought $17,964.00 in attorney's fees and $10,626.00 in expert witness fees and upon hearing, the State Court, in its discretion, awarded the Plaintiff a judgment for $13,000.00 as and for attorney's fees and $2,000.00 as and for the expert witness fees. Of critical importance is the State Court's findings that said award of attorney's fees and witness fees "are intended to be in the nature of additional support for the plaintiff from the defendant." Thus the State Court, in its wisdom, has by its own language determined the amount of attorney's fees and witness fees which should be assessed as a part or a parcel of the alimony and child support award by its specific finding of the fact that these awards were, in fact, in the nature of additional support for the Plaintiff from the Defendant.

Accordingly, the Court finds that the following obligations owed by the Defendant and to the Plaintiff are an exception to the discharge and nondischargeable, to-wit:

1. Child support in the sum of $810.00 per month, plus medical insurance and 82% of any deductible and medical expenses.

2. Alimony to the Plaintiff in the sum of $30,000.00.

3. Expert witness fees in the nature of maintenance and support of the spouse and child in the sum of $2,000.00, plus interest thereon at the rate of 12.35% from January 22, 1990 until paid.

4. Attorneys awarded to or on behalf of the Plaintiff in the sum of $13,000.00, plus interest thereon at the rate of 12.35% from January 22, 1990 until paid.

Plaintiff shall prepare and submit a judgment in accordance with this memorandum decision and order.

AND IT IS SO ORDERED.