**In re SEA SPAN PUBLICATIONS, INC., Debtor.**

**SEA SPAN PUBLICATIONS, INC., Plaintiff,**

**v.**

**Samuel F. GRENEKER, Holland M. Ware and Book Warehouse of Georgia, Inc., Defendants.**

**Bankruptcy No. 91–1853–9P1. Adv. No. 91–109.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

April 17, 1991.

William Stalions, Fort Lauderdale, Fla., for debtor.

W. Gus Elliott, Valdosta, Ga.

J. Littleton Glover, Jr., Newman, Ga.

Myrna Bricker, Miami, Fla., for Creditor's Committee.

Harley Riedel, Tampa, Fla.

## ORDER ON RENEWED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

ALEXANDER L. PASKAY, Chief Judge.

THIS matter came on for hearing on short notice to consider a Renewed Emergency Motion for Preliminary Injunction filed by Sea Span Publications, Inc. (Sea Span), the Debtor involved in the above-captioned Chapter 11 reorganization case. Sea Span seeks a preliminary injunction against Samuel F. Greneker (Greneker), Holland M. Ware (Ware) and Book Warehouse of Georgia, Inc. (Book Warehouse), the parties named as Defendants in this adversary proceeding. The precise relief sought by Sea Span is an order from this Court prohibiting the Defendants from the distribution of the inventory currently in the possession of Mr. Greneker (Receiver), who was appointed by the District Court for the Middle District of Georgia, and to direct the Receiver to collect the accounts receivable and an order directing Mr. Greneker to turn over to the Debtor all monies collected by him and the inventory in his possession. The Court heard argument of counsel and considered the record in this case and, based on the undisputed facts, finds and concludes as follows:

At the time relevant to this transaction, Sea Span and Book Warehouse, a Georgia corporation, entered into a joint venture. The agreement, executed on February 19, 1990, was formed for the purpose of buying and selling books, pamphlets, magazines and other products at the wholesale and retail level. In January 1990, Ware, who is the principal of Book Warehouse loaned more than $700,000 to the joint venture. To secure this loan, the joint venture granted a security interest in the inventory and accounts receivable of the joint venture in his favor, and a financing statement (UCC–1) has been recorded which appears to have perfected the secured interest of Ware under the laws of Georgia.

On February 5, 1991, Ware and Book Warehouse filed a civil action in the United States District Court for the Middle District of Georgia against Sea Span and Simon Bailey. Ware and Book Warehouse sought an accounting and a temporary permanent injunction against the Defendants, a replevin and also an appointment of the Receiver. On February 13, 1991, the District Court appointed Greneker Receiver with direction to take control and possession of all properties located at the warehouse located in Valdosta, Georgia, and owned by Sea Span. On the following day of the appointment, Sea Span filed its voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code in this Court. The Receiver, pursuant to his appointment, took control of the premises and removed all the inventory from the warehouse. In addition, he also notified the accounts debtors of the joint venture with directions to remit the balance owed to the joint venture to him. On February 28, 1991, the Defendants Sea Span and Simon Bailey filed a Motion to stay the civil proceeding pending in the United States District Court, contending that the commencement of a Chapter 11 case stayed all further proceedings in the United States District Court. On March 12, 1991, the District Court entered an order, denied the relief requested and ordered that the receivership appointed by the court should continue and remain in the possession of the properties seized.

Shortly thereafter, Sea Span filed a Motion to stay the Chapter 11 in the Circuit Court of Appeals of the Order of the District Court, and subsequently filed a Motion for Writ of Mandamus. Both Motions were denied by the Eleventh Circuit.

On February 21, 1991, Sea Span filed a Complaint in this Court, Adversary Proceeding No. 91–109. The Complaint consists of six counts. In Count I, Sea Span sought to set aside the security interest of Ware alleged to be a voidable transfer under § 547 of the Bankruptcy Code. In Count II it sought the same transfer as fraudulent transfer under § 548 of the Bankruptcy Code; in Count III it sought an order for accounting; in Count IV it sought an order for turnover of property by a custodian pursuant to § 543; in Count V it sought an order directing turnover of property under § 542; and in Count VI it sought damages for an alleged violation of the automatic stay under § 362(h).

On the same day Sea Span filed a Motion for Preliminary Injunction, on March 3, 1991, the Court denied the Motion ex parte on the basis that the relief sought was premature in that the Defendants had yet to file their answer to the Complaint. On March 14, 1991, Sea Span filed a Motion for Reconsideration which was also denied without notice of hearing on March 22, 1991. In the interim, the Defendants Ware and Book Warehouse and the Receiver filed a Motion for Abstention or, Alternatively, for Dismissal or Transfer For Venue Purposes.

The present matter under consideration is an Emergency Motion in which Sea Span again seeks a preliminary injunction. It appears from the record that hearing is scheduled before the United States District Court for the Middle District of Georgia before the Honorable Wilbur D. Owens, Jr., to consider what course of action the receivership should be permitted to take until the final disposition of the property of the joint venture. The Debtor seeks an injunction prohibiting the parties to proceed the hearing before Judge Owens, contending, first that the properties which are currently in possession of the Receiver are proper-

ties of the estate by virtue of § 541 and in turn are protected by the automatic stay imposed by § 362; second, although it is not very well articulated, that in the alternative this Court should exercise its equitable powers under § 105 of the Bankruptcy Code and prohibit any further interference with the properties in possession of the Receiver, especially prohibiting the Receiver to dispose of the inventory consisting of the books and collecting the accounts receivable. The Defendants in opposition contend that the properties are properties of the joint venture, thus, not properties of the estate, therefore they are not protected by the automatic stay. In addition, they also urged that it is inappropriate to grant the relief sought under § 105. It appears from the undisputed facts and it is conceded by the Defendants that some of the properties in possession of the Receiver are, in fact, properties of Sea Span, although they disagree at this time with the proposition that the percentage ownership claimed by Sea Span is correct.

■ The Court heard argument of counsel and considered the submissions, including the authorities cited, and finds and concludes as follows: Before considering the respective contentions of the parties, it should be noted at the outset and is now well established that it is appropriate for a nonbankruptcy forum to determine the reach and scope of the automatic stay. *In re Baldwin–United Corp. Litigation,* 765 F.2d 343 (2d Cir.1985) This Court is satisfied that the District Court in the Middle District of Georgia had and has jurisdiction to determine whether or not the inventory in possession of the Receiver is or is not protected by the automatic stay imposed by § 362 of the Bankruptcy Code.

■ Turning to the specific points raised and the argument, this Court is satisfied that with the exception claimed by Sea Span concerning the ownership of a portion of the inventory as appears on the schedule submitted by Sea Span, the balance is not property of the individual joint venturers, i.e., either Sea Span or Book Warehouse, but properties of the joint venture entity, an entity separate and apart

from its individual components. *Turner v. Central National Bank of Illinois*, 468 F.2d 590 (7th Cir.1972); *In re Cardinal Industries, Inc.*, 105 B.R. 834 (Bkrtcy.S.D. Ohio 1989); *In re Fairfield Group Partnership*, 69 B.R. 318 (Bkrtcy.E.D.Tenn. 1987); *In re Aboussie Bros. Construction*, 8 B.R. 302 (E.D.Mo.1981). This is so because, as noted, the partnership is an independent and separate entity from the members of the partnership, i.e., the partners. *See Liberty Nat'l Bank of Virginia v. Bear*, 276 U.S. 215, 48 S.Ct. 252, 72 L.Ed. 536 (1928). Next, the injunctive relief available under § 105 can only be exercised in aid of an otherwise existing jurisdiction and has no independent jurisdictional basis. *In re Johns–Manville Corp.*, 26 B.R. 405 (Bkrtcy.S.D.N.Y.1983), *aff'd*, 40 B.R. 219 (S.D.N.Y.1984). While it might be argued that the residual interest, if any, of Sea Span in the joint venture is a species of property which warrants a protection, this Court is satisfied that Sea Span can adequately protect its interest in the District Court in Georgia in the event the Receiver will seek authority, as alleged, to dispose of the inventory in a less than commercially reasonable manner, not through sale, but giving the inventory away to charity. Even assuming that Sea Span is unsuccessful in the Middle District of Florida to protect its residual interest in the joint venture—a 50% interest in the "profits"—a very unlikely event, this Court is certainly not without power to disallow any claim for deficiency which might be asserted by Ware, thus, relieving this estate of an indebtedness of more than $700,000. In addition, to what extent Sea Span's interest should be protected is a matter for the District Court in the Middle District of Georgia and not for this Court.

However, as noted earlier, it is conceded by Ware and Book Warehouse that a portion of the inventory currently in possession and under the control of the Receiver is in fact property owned by Sea Span and not by the joint venture. They are certainly properties of the estate and protected by the automatic stay. For this reason this Court retains jurisdiction to consider, if there is a dispute, to what extent the schedule of properties if any is still in dispute and retains jurisdiction to determine that dispute. In addition, of course, the Receiver has an obligation to comply with all provisions of Section 543 and Bankruptcy Rule 6002 concerning the properties which are determined by this Court to be properties of the estate.

Although the defensive motions filed by the Defendants were not considered and are now scheduled to be heard by this Court on May 10, 1991, this Court stated for the record and is satisfied that to the extent those motions seek abstention, the Motion is improper simply because neither 28 U.S.C. Section 1334(c)(1) or (2) or Section 305 of the Bankruptcy Code are applicable and, therefore, the Motion to Abstain is without merit and should be denied.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Emergency Motion for Preliminary Injunction be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Abstain filed by Holland M. Ware, Book Warehouse of Georgia, Inc. and Samuel F. Greneker be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the balance of the Motions, including the Motion to Transfer for Proper Venue, shall be considered by the undersigned on May 10, 1991.

DONE AND ORDERED.