Hillsborough-northern judicial district
No. 95-685

### PETER A. JOHNSON

v.

### CATHY R. COE

July 15, 1997

*Douglas, Robinson, Leonard & Garvey, P.C.*, of Concord (*Charles G. Douglas, III* and *Carolyn S. Garvey* on the brief, and *Mr. Douglas* orally), for the plaintiff.

*Sanders and McDermott*, of Hampton (*Edwinna C. Vanderzanden* on the brief and orally), for the defendant.

BROCK, C.J. The plaintiff, Peter A. Johnson, appeals the recommendation of the Master (*Bruce F. DalPra*, Esq.), approved by the Superior Court (*Groff*, J.), regarding the character of a $1,500 per month obligation to the defendant, Cathy R. Coe, his former spouse. He also appeals the recommendation of another Master (*Alice S. Love*, Esq.), approved by the Superior Court (*Hampsey*, J.), concerning the award of attorney's fees to the defendant and the transfer of a parcel of real estate to the defendant that had been

awarded to him pursuant to the divorce decree. He argues that: (1) the monthly payment was a property settlement and thus dischargeable in his Chapter 7 bankruptcy; (2) the award of attorney's fees was improper or at the least excessive; and (3) the transfer of the property to the defendant was an impermissible modification of a property settlement. The defendant cross-appeals, maintaining that the Trial Court (*Hampsey*, J.) erred in adopting the recommendation of the Master (*Alice S. Love*, Esq.), that a portion of the plaintiff's debt to her was discharged in the bankruptcy proceeding. We affirm in part and reverse in part.

During the course of their marriage, the parties obtained several pieces of property, including the family home in Hollis, a house in Dixville Notch (the Notch house), and land in Colebrook (the McLane land). In April 1986, the parties remortgaged the Hollis property for $230,000, using the bulk of the proceeds to discharge mortgages that had been obtained to build the Hollis house and to purchase the McLane land and the Notch house.

The parties were divorced on February 10, 1988. Pursuant to the divorce decree, the plaintiff was awarded both the Notch house and the McLane land. Although the defendant received the Hollis house, the plaintiff was ordered within six months to reduce the amount of the mortgage by $160,000, "to return the amount of the encumbrance relative to the Hollis property to that level of March, 1986, just prior to the refinancing." In addition, the plaintiff was ordered to pay the defendant $1,500 per month until he met his obligation. Because both parties were employed full-time and capable of self-support, the decree imposed "no alimony obligation . . . upon either party."

In October 1988, the plaintiff mortgaged eleven properties to Walter A. Margerison for $275,000. In what the trial court characterized as "displeasure with the Divorce Decree," however, the plaintiff never discharged the $160,000 encumbrance. Nevertheless, he stopped making the $1,500 monthly payment after December 1988.

The plaintiff's financial prosperity rapidly declined. On November 13, 1989, he filed for relief under Chapter 13 of the Bankruptcy Code, which was later converted to a Chapter 11 and then to a Chapter 7 proceeding. The plaintiff's bankruptcy, however, did not impede the defendant's attempts to enforce the plaintiff's obligations under the divorce decree or the plaintiff's attempts to painstakingly avoid them. At issue was the characterization of the $1,500 monthly payment. The plaintiff maintained that it was a partial property settlement and thus dischargeable; the defendant

asserted that it was spousal support and hence exempt from the discharge provisions.

To resolve the conflict, the bankruptcy court issued an order of abstention deferring to the trial court the characterization of the $1,500 payment. The question was assigned to the marital master who had drafted the initial recommendation mandating the monthly payment. The Master (*Bruce F. DalPra*, Esq.) clarified that the $1,500 monthly payment "was in the nature of a temporary spousal support payment and *not* a property settlement."

The bankruptcy court released the plaintiff from all dischargeable debts on January 4, 1995. Because a debtor is not discharged from any debt under a divorce decree to a former spouse "in the nature of alimony, maintenance, or support," 11 U.S.C. § 523(a)(5)(B) (1994), the $1,500 monthly payment was not subject to the discharge. Subsequently, the Trial Court (*Hampsey*, J.) approved the recommendation of the Master (*Alice S. Love*, Esq.), ordering the plaintiff to pay the defendant $108,000, representing the $1,500 monthly payments from January 1989 "through the discharge of the debt to the defendant in Bankruptcy Court on January 4, 1995." In addition, the plaintiff was required to pay the defendant's "reasonable attorney's fees and costs incurred in all Courts" commencing on October 4, 1988, the date that the plaintiff received the $275,000 mortgage from Margerison. Moreover, the defendant was permitted to retain her interest in the Notch house, even though the property had been awarded to the plaintiff in the divorce decree.

The plaintiff appealed the characterization of the monthly payment, the award of attorney's fees, and the transfer of the Notch house to the defendant. The defendant cross-appealed the determination that the plaintiff's obligation to pay $1,500 monthly stopped at the time that his debts were discharged in the bankruptcy proceeding. "On appeal, we will affirm the [approved] findings and rulings of the marital master unless they are unsupported by the evidence or are legally erroneous." *Holliday v. Holliday*, 139 N.H. 213, 215, 651 A.2d 12, 14 (1994) (quotation omitted).

■ The plaintiff first argues that the $1,500 payment was a property settlement and, as such, subject to discharge. That payment on a mortgage is usually characterized as a property settlement under State domestic relations law does not end the inquiry. *See McSherry v. McSherry*, 135 N.H. 451, 453, 606 A.2d 311, 313 (1992). For purposes of determining whether an obligation is "in the nature of" alimony, support, or maintenance and thus not

dischargeable, *see* 11 U.S.C. § 523(a)(5), we look to federal bankruptcy law, not State law. 4 COLLIER ON BANKRUPTCY ¶ 523.11[1] (15th ed. rev. 1996). "Thus, a bankruptcy court may look beyond the four corners of the divorce decree or settlement agreement to make a finding that the payments were in the nature of alimony even where the divorce decree included a waiver of alimony." *In re Carrigg*, 14 B.R. 658, 660 (Bankr. D.S.C. 1981). This is so because "Congress chose . . . to describe as not dischargeable those obligations in the 'nature' of support. We believe that in using this general and abstract word, Congress did not intend bankruptcy courts to be bound by particular state law rules." *In re Harrell*, 754 F.2d 902, 904 (11th Cir. 1985).

■ Under federal bankruptcy law, if an obligation "effectively functions" as support to the former spouse, it is not dischargeable. *Cf. In re Sampson*, 997 F.2d 717, 726 (10th Cir. 1993). The function of the obligation when the divorce occurs is a critical factor. *Cf. id.* at 725. Here, the trial court viewed the obligation as providing "the defendant with a means to support herself during the period of time in which the plaintiff was required and ordered to remove the additional encumbrance." Consequently, we find no error in the characterization.

The plaintiff urges us to adopt the doctrine of "judicial estoppel" to bar the defendant from now characterizing the $1,500 payment as support when she earlier characterized it as a property settlement. *See, e.g., Patriot Cinemas, Inc. v. General Cinema Corp.*, 834 F.2d 208, 211-12 (1st Cir. 1987). In support of his argument, the plaintiff cites the defendant's November 15, 1988, objection to his motion for clarification. Her objection to the motion, however, is devoid of reference to the $1,500 payment. Rather, the defendant labels the plaintiff's obligation to lower the mortgage on the Hollis property by $160,000 as a property settlement, a characterization that is not in dispute here. Additionally, the plaintiff points to the defendant's motion for partial remand in an earlier appeal, where the defendant referred to the "property awards" under appeal. As in the objection to the motion for clarification, nothing in the earlier appeal involved the $1,500 payment. Consequently, judicial estoppel, even if we were to apply it, would not benefit the plaintiff.

■ Maintaining that all his debts arising from November 1989 through January 1995 were discharged in the bankruptcy proceeding, the plaintiff challenges the award of attorney's fees to the defendant. Again, he bases his argument on his characterization of the monthly payments as a property settlement. We have previously

determined, however, that the $1,500 payments were in the nature of support. Consequently, because the attorney's fees were incurred for the acquisition of support, they "should take on the character of [the] obligation and be nondischargeable." *In re Duncan*, 122 B.R. 434, 435 (Bankr. N.D. Okla. 1991); *see, e.g., In re Spong*, 661 F.2d 6, 11 (2d Cir. 1981).

The plaintiff also challenges the breadth of the attorney's fee award. Specifically, he maintains that res judicata bars the award of fees for proceedings in the bankruptcy court because the defendant's request for fees from that court was denied. We disagree.

■ Res judicata prohibits an attempt to relitigate "precisely the same question, particular controversy, or issue, which has been necessarily tried and finally determined" in an earlier litigation. *Hallisey v. DECA Corp.*, 140 N.H. 443, 444, 667 A.2d 343, 344 (1995) (quotation omitted). Here, the court based its attorney's fee award on RSA 458:51 (1992), which states: "In any proceeding under this chapter in which a party alleges, and the court finds, that the other party has failed without just cause to obey a prior order or decree, the court shall award reasonable costs and attorneys' fees to the prevailing party." RSA 458:51. The proceedings in the bankruptcy court, however, had no relation to the plaintiff's improper failure to obey the divorce decree. Consequently, res judicata does not apply.

Statutes mandating the award of attorney's fees such as RSA 458:51, "which depart from the general 'American Rule' that each party is responsible for his or her own attorney's fees, are generally enacted where the legislature wishes to encourage potential plaintiffs to seek vindication of important rights and to deter defendants from conduct violating those rights." *Krassnoski v. Rosey*, 684 A.2d 635, 637-38 (Pa. Super. Ct. 1996) (footnote omitted). Here, the defendant's struggle to secure the plaintiff's compliance with the divorce decree spanned many years and numerous court proceedings, including a trip to bankruptcy court to challenge the plaintiff's attempt to discharge his outstanding obligation under the divorce decree. Because the award of counsel fees sought to deter the plaintiff from continued failure to obey the mandates of the divorce decree, under all the circumstances of this case, we find no error in the attorney's fees award.

■ The plaintiff finally argues that the trial court erred in permitting the defendant to retain her interest in the Notch house when it had previously been awarded to him in the divorce decree. We agree. The award of the Notch house to the plaintiff in the divorce decree was a property settlement and, as such, not modifi-

able. *See McSherry*, 135 N.H. at 453, 606 A.2d at 313. The plaintiff's recalcitrance in meeting his obligation under the divorce decree does not alter the finality of a property settlement. "The reason that property settlements are not subject to modification for changed circumstances is that decrees of property division, unlike orders for support or custody, are not 'continuing' orders." *Id.* (quotation omitted). Accordingly, we reverse that part of the court's order permitting the defendant to retain her interest in the Notch house.

■ In her cross-appeal, the defendant argues that the trial court erred in ruling that a portion of the plaintiff's debt to her was dischargeable. In so arguing, the defendant misreads the court's order. The court described the plaintiff's obligation as follows:

> The plaintiff is indebted to the defendant in the sum of $108,000 for the payment of temporary spousal support. His liability is limited to the period of time commencing January, 1989 [when the plaintiff stopped making the monthly payment] through the discharge of the debt to the defendant in Bankruptcy Court on January 4, 1995. The Superior Court was bound by that discharge as the Order of Abstention related only to the $1,500 monthly payment which continued to be payable as long as the debt remained undischarged.

The "discharge of the debt to the defendant" refers to the discharge of the underlying obligation to reduce the mortgage encumbrance by $160,000. According to the divorce decree, the plaintiff was obligated to pay $1,500 monthly only until he reduced the mortgage. Once the $160,000 was discharged in the bankruptcy proceedings, however, the $1,500 monthly obligation ceased. Consequently, the trial court did not err in determining that the $1,500 monthly obligation ended when the underlying $160,000 debt was discharged.

■ We likewise reject the plaintiff's contention that the defendant's request for the $1,500 payments was time-barred. *See* RSA 508:4 (Supp. 1996). The defendant filed a motion for contempt on January 29, 1989. As the trial court noted, however, it was because of the plaintiff's "inter-court maneuvering" that the motion was not granted until July 20, 1995.

*Affirmed in part; reversed in part.*

BRODERICK, J., sat but did not participate in the decision; the others concurred.