In re Rodney M. **MARTINEZ**, Debtor.

Rodney V. **MARTINEZ**, Plaintiff,

v.

Debra L. **BUCKLEY**, Defendant.

Bankruptcy No. 96–12686–MWV.
Adversary No. 97–1365–MWV.

United States Bankruptcy Court,
D. New Hampshire.

July 1, 1998.

Geraldine Karonis, Assistant U.S. Trustee, Manchester, NH, for UST J. Christopher Marshall.

Janet F. DeVito, Concord NH, for defendant.

Raymond J. DiLucci, Raymond J. DiLucci, P.A., Concord NH, for plaintiff Rodney Martinez.

Lawrence P. Sumski, Amherst NH, trustee.

### MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it the Plaintiff's Motion for Summary Judgment and the Defendant's Cross Motion for Summary Judgment. The Plaintiff's complaint seeks damages and attorneys' fees for an alleged violation of the automatic stay. For the reasons discussed below, the Plaintiff's Motion for Summary Judgment is denied and the Defendant's Cross Motion for Summary Judgment is granted.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### FACTS

The facts are not in dispute. The Plaintiff and the Defendant were divorced on or about July 5, 1992, almost eight years ago. Apparently, not satisfied with just being divorced, they have continued litigation in the New Hampshire Superior Court and since the Plaintiff filed his Chapter 13 petition on September 25, 1996, in the Bankruptcy Court. This Court, in a previous opinion, has found certain obligations of the Plaintiff to the Defendant pursuant to the divorce decree excepted from discharge. At least a partial basis for the current dispute is an order of the Court entered on July 18, 1997, as follows: "Pursuant to § 105 of the Bankruptcy Code, Debra Buckley is free to petition the Divorce Court concerning the support obli-

gations this Court found to be excepted from discharge pursuant to a prior order." Further, this Court entered its Final Judgment on the Exception from Discharge Complaint on September 10, 1997, which included the following language: "Each party shall bear its own fees and costs."

On October 7, 1997, the Defendant filed a motion in the Merrimack County Superior Court seeking attorneys' fees, apparently pursuant to N.H. RSA § 458:51.[1] The Plaintiff received notice of the motion apparently in November of 1997 and filed a response in the Superior Court on or about December 5, 1997. The complaint in this matter was filed on December 2, 1997, but the summons was not issued until December 9, 1997. A hearing was held in the Superior Court on the motion on December 8, 1997. On January 23, 1998, the Superior Court granted the Defendant's motion for attorneys' fees. That order specifically discussed and rejected the Plaintiff's argument with respect to a violation of the automatic stay and res judicata. The Plaintiff filed a motion for reconsideration in the Superior Court, which was denied on June 15, 1998.

### DISCUSSION

■ The Plaintiff alleges that since this Court in its Final Judgment on the prior adversary proceeding allowed no fees or costs from either party, that the issue of attorneys' fees, at least associated with that adversary proceeding, were barred by the doctrine of res judicata. This Court disagrees. The motion in Superior Court was submitted pursuant to N.H. RSA 458:51, which states: "In any proceeding under this chapter in which a party alleges, and the court finds, that the other party has failed without just cause to obey a prior order or decree, the court shall award reasonable costs and attorneys' fees to the prevailing party." N.H.Rev.Stat.Ann. § 458:51 (1992). The request for attorneys' fees was an entirely separate cause of action pursuant to that statute for failure to comply with that court's orders. The Superior Court had previously stated, in March of 1996, that the issue of attorneys' fees could be renewed if

the Defendant herein failed to comply with that Court's order. That order preserving the issue of attorneys' fees was prior to the Defendant's filing bankruptcy in September of 1996. The New Hampshire Supreme Court in *Johnson v. Coe*, 142 N.H. 182, 697 A.2d 939 (N.H.1997) (internal citation and quotations omitted), faced with the same res judicata argument found the following:

> Res judicata prohibits an attempt to relitigate 'precisely the same question, particular controversy, or issue, which has been necessarily tried and finally determined' in an earlier litigation. Here, the court based its attorney's fees award on [N.H.] RSA 458:51.... The proceedings in the bankruptcy court, however, had no relation to the plaintiff's improper failure to obey the divorce decree. Consequently, res judicata does not apply.

■ Secondly, in support of the Plaintiff's allegation that the motion for attorneys' fees was a violation of the automatic stay, the Plaintiff argues that the relief granted by this Court went only to the issue of support, and the motion for attorneys' fees was outside the scope of that order. This Court rejects that argument for three reasons. First, the issue of a violation of the automatic stay has been litigated in the Superior Court which found there was no violation. As this Court stated in *Chrusz v. Chrusz (In re Chrusz)*, No. 95–11426–MWV, Adv. No. 95–1134–MWV, slip op. at 10 (Bankr.D.N.H. Mar. 7, 1996) (internal citations omitted), "[t]he Court notes that while the Defendant argued that it is clear that bankruptcy courts have a exclusive jurisdiction in determining the applicability of the automatic stay, the Court finds that this is not the case. It is settled law that bankruptcy courts do not have exclusive jurisdiction in determining the applicability of the automatic stay.... The court in which the litigation claim to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay." *See also In re Montana*, 185 B.R. 650, 652 (Bankr.S.D.Fla.1995) (*citing Rogers v. Overstreet (In re Rogers)*, 164

---

**1.** The Plaintiff and Defendant in this matter were the same in the Superior Court litigation.

B.R. 382, 391 (Bankr.N.D.Ga.1994)); *Erti v. Paine Webber Jackson & Curtis, Inc. (In re Baldwin–United Corp. Litig.),* 765 F.2d 343, 347 (2d Cir.1985); *Sea Span Publications, Inc. v. Greneker (In re Sea Span Publications, Inc.),* 126 B.R. 622, 624 (Bankr. M.D.Fla.1991).

 In the instant case, the issue was raised before the Superior Court which specifically rejected it in page four of its January 23, 1998 order. Secondly, as the Court also said in *Chrusz:*

> The Court also notes that courts have found that a former spouse's motion for contempt and a state court's determination of contempt may not be violations of the automatic stay when the state court order disobeyed was made prior to the filing of the bankruptcy petition. Rather, acts which are intended to uphold the dignity of the court and not simply collect a debt may be excepted from the automatic stay under section 362(b)(1). In *U.S. Sprint Communications Co. v. Buscher,* 89 B.R. 154 (Bankr.D.Kan.1988), the court stated:

> > It is within this court's inherent power to take whatever steps necessary to ensure those persons within its power comply with its orders. The court cannot conceive that Congress intended to strip the court of this power and instead permit a party to blatantly violate direct orders of the court and then seek shelter from a bankruptcy judge. If this were so, the court's orders could be rendered almost meaningless. The court must retain the ability to compel compliance with its orders; a party seeking relief from his creditors is not free to run rampant in flagrant disregard of the powers of the court. A civil contempt judgment is one effective method of coercing compliance and of "upholding the dignity of the court"

*Chrusz,* No. 95–1134–MWV, slip op. at 10–11 (internal citations omitted). The orders in this case that were not complied with were the 1992 divorce decree and the 1996 order preserving the issue of attorneys' fees. Thus, there is no violation of the automatic stay.

Finally, the Superior Court in its most recent order on reconsideration determined "that court's award of attorney fees became subsumed into the support order." This Court had specifically granted relief to pursue the issue of support; and thus reiterates that the automatic stay has not been violated.

The Plaintiff's Motion for Summary Judgment is denied. The Defendant's Cross Motion for Summary Judgment is granted. All requests for attorneys' fees and sanctions are denied.

This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.