# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0151, <u>In the Matter of Helen Prairie and Mark Prairie</u>, the court on September 21, 2015, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm in part, reverse in part, vacate in part, and remand.

The respondent, Mark Prairie (husband), appeals a post-judgment order by the Circuit Court (<u>Cardello</u>, J.) in his divorce from the petitioner, Helen Prairie (wife). He contends that the trial court erred by: (1) modifying the final property distribution; (2) ordering, as part of the final property distribution, that the wife transfer her interest in a limited liability company (LLC) to him; (3) finding him in contempt; (4) failing to grant his motion to modify the final property distribution on the basis of the wife's failure to disclose assets; and (5) awarding the wife attorney's fees.

We first address the trial court's modification of the final property division. We review a decision to modify a property division under our unsustainable exercise of discretion standard and will uphold it unless the record does not support it or it is tainted by error of law. <u>In the Matter of Aube & Aube</u>, 158 N.H. 459, 466 (2009).

A property division in a divorce decree is a final distribution of a sum of money or a specific portion of the spouses' property and is not subject to judicial modification on account of changed circumstances. <u>In the Matter of Taber-McCarthy & McCarthy</u>, 160 N.H. 112, 117 (2010). A property division may not be modified unless the complaining party shows that the distribution is invalid due to fraud, undue influence, deceit, misrepresentation, or mutual mistake. <u>Id</u>. A party's recalcitrance in meeting his obligation under the divorce decree does not alter the finality of a property division. <u>Johnson v. Coe</u>, 142 N.H. 182, 188 (1997).

In this case, the trial court's January 10, 2012 final order awarded the husband the parties' auto sales business and directed him to "pay the [wife] $43,270 for her one-half interest in the commercial real estate in Claremont, in exchange for her conveyance of her interest" in the LLC. However, although its January 6, 2014 order acknowledged that this was part of the marital property division, in its August 20, 2014 order, the trial court directed the husband to "forthwith transfer and assign all of his interest in . . . [the] LLC to" the wife. We

note that this order replaced the trial court's January 6, 2014 order that the husband "immediately quitclaim his interest" in the Claremont property to the wife "as full and final satisfaction" of the amounts he owed her under the 2012 final order. We further note that the trial court found that the Claremont property was the LLC's sole asset and "the parties' single greatest asset." Because a final property division may not be modified on the basis of a party's recalcitrance in meeting his obligation under the divorce decree, see id., we reverse these portions of the trial court's January 6, 2014 and August 20, 2014 orders. In light of this conclusion, we need not address the husband's arguments concerning the trial court's authority to order the LLC to transfer the Claremont property to the wife.

To the extent the husband argues that the trial court erred in its 2012 final order by ordering the wife to convey her interest in the LLC to him in return for cash, he does not raise any ground upon which the 2012 property distribution could now be challenged. See Taber-McCarthy, 160 N.H. at 117.

We next address the finding of contempt. It is a long-standing rule that parties may not have judicial review of issues they did not raise in the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). It is the husband's burden on appeal to provide a record that is sufficient to decide the issues he is raising and to demonstrate that he raised those issues in the trial court. Id. Absent a transcript, we assume the evidence was sufficient to support the result reached by the trial court. Id.

In this case, the husband has not supplied transcripts of the hearings before the trial court. Thus, we cannot determine what evidence was offered or what arguments were raised. See Bean, 151 N.H. at 250. We assume that the evidence was sufficient to support the trial court's finding that the husband was in contempt. See id. We review the trial court's orders for errors of law only, see Atwood v. Owens, 142 N.H. 396, 397 (1997), and find none.

We next address whether the trial court erred by denying the husband's motion to modify the 2012 final property distribution on the basis of the wife's alleged fraudulent failure to disclose a bank account. We note that the husband has not supplied a transcript demonstrating the arguments he made to the trial court. See Bean, 151 N.H. at 250. Furthermore, the trial court's January 6, 2014 order states that the husband's proposed order, which he submitted prior to the 2012 final hearing, listed this account and stated that "[f]ull disclosure of assets by [the wife] has not occurred but [he], nevertheless, requests to proceed with the final hearing." Although the husband has not supplied his 2012 proposed final order, we conclude from the trial court's description of it that the husband waived this issue. Therefore, we decline to address it.

2

Finally, we address the award of attorney's fees to the wife, which the husband appeals, and the other remedial actions in the trial court's January 6, 2014 order. It is unclear from the January 6 order whether, and to what extent, the other remedial actions, including the award of attorney's fees, relate to the erroneous modification of the 2012 final property division. Therefore, although we affirm the trial court's finding of contempt, we vacate all the remedial actions in the January 6 order and remand to the trial court to determine appropriate remedies, consistent with this order, for the contempt. We note that the trial court has ample remedies, other than modifying the final property division, including, as a last resort, incarceration, with which to compel the husband to comply with the terms of the final decree.

<u>Affirmed in part; reversed in part; vacated in part; and remanded</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**