**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2021-0602, <u>In the Matter of Gerard Letourneau and Patricia Letourneau</u>, the court on February 24, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The petitioner, Gerard Letourneau, appeals an order of the Circuit Court (<u>Derby</u>, J.), issued following a review hearing, granting the respondent, Patricia Morley (f/k/a Patricia Letourneau), an extension of time to refinance and buy out the petitioner's interest in the marital home. The petitioner argues: (1) that the extension constitutes an impermissible modification of a property settlement; (2) that he had insufficient notice that a modification of the final divorce decree would be contemplated at the review hearing; and (3) that the circuit court's decision to grant the extension was unsupported by the evidence. We conclude that the extension did not modify a property settlement, that regardless of whether the petitioner had sufficient notice, he failed to demonstrate that any error with regard to notice prejudiced him, and that there was sufficient evidence to support the circuit court's order. Accordingly, we affirm.

The record supports or the court could have found the following facts. In June 2021, the circuit court approved the parties' signed stipulation and issued a divorce decree. The stipulation granted the petitioner possession of the marital home and provided the respondent with a September 1, 2021 deadline to refinance the mortgage and pay the petitioner $26,500 as his interest in the marital home. The stipulation also provided that, if the respondent did not meet the deadline, the respondent's "right to refinance the property and buy out [the petitioner] shall lapse," and the petitioner would have the option to purchase the respondent's interest in the marital home for $26,500 until November 1, 2021. If neither party exercised his or her option to purchase, then the petitioner would list the property for sale and the parties would divide the proceeds equally. Thereafter, the respondent had the property appraised, which, according to the respondent, indicated that because of the "wasted" condition of the property, it was "uninhabitable" and "unmarketable." Consequently, the respondent alleged, significant repairs were necessary to appraise the property at a value that would enable her to refinance it and pay off the petitioner's interest.

In August 2021, the respondent filed a motion to modify the divorce decree and a motion for an extension of time to buy out the petitioner's interest in the marital home. In the motion to modify, the respondent alleged that the petitioner had restricted access to the property and damaged the property so badly that it was "unmarketable" and therefore impossible to carry out the terms of the original decree. The petitioner objected, asserting that he had not damaged the marital home.

In September 2021, the circuit court issued an order denying the respondent's motion for modification but granting, in part, her motion for an extension of time. Regarding the motion to modify, the court recognized that it "may only modify a final property settlement upon a showing of fraud, undue influence, deceit, misrepresentation or mutual mistake," which the respondent's motion did not allege. Regarding the motion for an extension of time, the court noted the "frequent and disproportionate conflict between the parties" and that both parties remained more interested in protracting the conflict than reaching resolution. The court explained that "it was probably foreseeable that the parties would be unable to comply with their final decree without additional court involvement" and that it "probably erred when it approved the parties' likely unrealistic financing deadlines." Accordingly, the court extended the respondent's date of performance to November 15. The petitioner filed a motion for reconsideration, which the court denied.

In October 2021, the parties convened at the circuit court for a scheduled review hearing. At the hearing, the respondent requested that the court extend her purchase deadline by an additional thirty days to December 15, 2021. Counsel for the respondent explained that the respondent needed more time to secure the money to make the repairs, as well as to complete the repairs so that she could refinance the mortgage. Counsel also cited other problems, including difficulties in scheduling an appraisal.

Counsel for the petitioner objected to the extension. Counsel cited the existing agreement between the two parties and argued that an extension would "deprive[] [the petitioner] of the deal he made." Counsel also cited the history of conflict between the parties and the lack of evidence that the respondent had been approved for a mortgage or that she had the money necessary to make the repairs, pay the respondent for his interest in the property, and pay off the existing mortgage.

In November 2021, the circuit court issued an order that extended the respondent's deadline to December 15, 2021. The court considered the evidence and arguments made at the review hearing, "including the scheduling problems with appraisers," and explained that the respondent's "request for additional time seems based upon the difficulty of getting an appraiser to visit the property." The petitioner filed a motion for reconsideration, which the circuit court denied. This appeal followed.

On appeal, the petitioner first argues that the extension constituted an impermissible modification of a property settlement. The petitioner reasons that the dates in the stipulation granting the parties the option to purchase the marital residence are "an essential part of the property settlement" and are therefore non-modifiable. As a general rule, provisions of a final divorce decree relating to a property settlement cannot be modified due to a change of circumstances. See Douglas v. Douglas, 109 N.H. 41, 43 (1968). Non-modifiable property settlements include "the duty to make mortgage payments and the obligation to establish a trust fund and maintain life insurance policies." 3 C. Douglas, New Hampshire Practice, Family Law § 13.84, at 13-118 (4th ed. 2014); see also Stebbins v. Stebbins, 121 N.H. 1060, 1063 (1981). Implementation of the terms of a stipulation, however, does not constitute the modification of a property settlement. Sommers v. Sommers, 143 N.H. 686, 692 (1999).

A trial court may modify the timing of a property sale in a divorce decree when it does not affect the value of the property distribution. See 3 C. Douglas, supra § 13.84, at 13-118 ("Although sale of a family home is not modifiable, the court has permitted modification of the timing of the sale and the division of proceeds in specific circumstances."); see also Twardosky v. Twardosky, 113 N.H. 438 (1973). In Twardosky, the wife received custody of the children and possession of the home until the occurrence of certain events, upon which the home was to be sold and proceeds divided sixty-forty percent between the wife and the husband. Twardosky, 113 N.H. at 439. Thereafter, the husband gained custody of the children and subsequently moved to modify the divorce decree, seeking possession of the home and a right to purchase the wife's interest therein. Id. We held that, although the portion of the decree granting a sixty percent/forty percent division of the interest in the home was a non-modifiable property settlement, the portion of the decree relating to the sale of the property was "of a different nature" because it aimed to preserve the home for the children and therefore could be modified. Id.

Here, the trial court similarly adjusted the timing of the sale of the house without affecting the petitioner's interest in the home. See id. Therefore, the petitioner would have received his interest in the home, initially valued at $26,500, regardless of the date by which the respondent had to exercise her option to purchase. Accordingly, we conclude that the circuit court's adjustment of the dates of performance did not modify the property settlement.

The petitioner next argues that the circuit court impermissibly modified the property settlement in violation of RSA 458:14 (Supp. 2022) because there were no pending motions at the time of the hearing, and the petitioner did not receive notice that an extension would be considered at the October review hearing. RSA 458:14 provides that "[t]he court, upon proper application and notice to the adverse party, may revise and modify any order made by it . . . ." (Emphasis added). The test for adequacy of notice is whether the interested

3

parties have received notice reasonably calculated to apprise them of the pendency of the action and to afford them an opportunity to present their objections. Petition of Smith, 139 N.H. 299, 305 (1994). This test addresses the concern that a party should not be unfairly surprised. Id. In the divorce context, notice must give the parties actual notice of the hearing and the issues to be addressed. Douglas v. Douglas, 143 N.H. 419, 423 (1999). The trial court has broad authority to determine the nature and extent of notice, although notice and an opportunity to be heard cannot be denied altogether. Mauzy v. Mauzy, 97 N.H. 514, 516 (1952).

We note that the petitioner did not argue a lack of notice at the October review hearing. Nonetheless, even if he had timely raised this issue, we conclude that the petitioner failed to demonstrate that any error with regard to notice prejudiced him. See McIntire v. Woodall, 140 N.H. 228, 230 (1995) (lack of notice claim requires a showing of actual prejudice). The Notice of Hearing, dated September 21, 2021, scheduled a review hearing on October 25 to address the ongoing conflict within the parties' divorce case and the respondent's attempt to evict the petitioner from the property in a related landlord-tenant matter between the parties. The property was the primary marital asset at issue in the divorce case, and the court had already granted the respondent her first extension to purchase the property. When counsel for the respondent requested an additional thirty days for the respondent to purchase the property, the petitioner objected to another extension and expressed his skepticism of the respondent's "ability to borrow enough to pay off the mortgage, plus the amount" necessary to complete the identified repairs and buy out the petitioner's interest. On this record, we conclude that the petitioner was provided with a sufficient opportunity to be heard and was not prejudiced by any alleged error with respect to notice.

Lastly, the petitioner argues that the circuit court's decision to grant the respondent an extension, specifically its reliance on the respondent's challenges with scheduling an appraiser, was unsupported by the evidence. We review sufficiency of the evidence claims as a matter of law, and uphold the findings and rulings of the trial court unless they are lacking in evidentiary support or tainted by error of law. Achille v. Achille, 167 N.H. 706, 715 (2015). When performing this review, we accord considerable weight to the trial court's judgments on the credibility of witnesses and the weight to be given testimony. Id.

We conclude that there was sufficient evidence to support the trial court's decision to grant the extension based, at least in part, on challenges associated with the appraisal of the property. At the review hearing, counsel for the petitioner acknowledged that "the real estate market is hot; appraisers are in short supply." Counsel for the respondent stated that he had other closings where it took four months to get an appraisal, that the "housing market in this area has been crazy," and that it would take months before the

4

respondent could get an appraiser and the loan application processed. The court also recognized that the real estate market was "heated," making it difficult to complete the financing in time. Although, as the petitioner notes, the respondent previously obtained an appraisal of the property, this appraisal identified issues with the house that, according to the respondent, rendered the house unmarketable. Accordingly, the respondent was in the process of making repairs to the house, and she would require another appraisal after the repairs were completed.

For the foregoing reasons, we conclude that the circuit court did not impermissibly grant the respondent an extension. The extension did not modify the property settlement, any error with regard to notice did not prejudice the petitioner, and there was sufficient evidence to support the extension. Accordingly, we affirm the circuit court's order granting the respondent additional time to exercise her option to purchase the property.

<u>Affirmed</u>.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**